IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES M. EVERETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-CV-1000-NJR-SCW |
| ) | |
| CHESTNUT V. POWERS, JEAN ) | |
| STRAZA, COLLINSVILLE HOUSING, ) | |
| and IMANI BROWN, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On September 2, 2016, Charles M. Everett ("Everett") filed a *pro se* complaint naming as Defendants Chestnut V. Powers, Jean Straza, Collinsville Housing, and Imani Brown (Doc. 1). That same day, Everett also filed a Motion for Recruitment of Counsel (Doc. 2), a Motion for Service of Process at Government Expense (Doc. 3), and a Motion for Leave to Proceed *in forma pauperis* ("IFP"), which means without prepaying the normal filing fees and costs (*See* Doc. 4).

Section 1915 applies to non-prisoner plaintiffs and prisoners alike. *Floyd v. United States Postal Serv.*, 105 F.3d 274, 275-77 (6th Cir. 1997) (overruled on other grounds) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed *in forma pauperis* under § 1915(a)."). Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor"

and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Court's inquiry does not end there, however, because Section 1915(e)(2) requires careful threshold scrutiny of the complaint filed by a plaintiff seeking to proceed IFP. A court can dismiss a case if the court determines that the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of Everett's motion for IFP requires the undersigned District Judge to review the allegations of Everett's Complaint. In reviewing the Complaint, the undersigned is cognizant of the imperative that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014).

That being said, it remains the first duty of this Court to determine whether subject matter jurisdiction exists. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case"); *see also McCready v. White,* 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit."). Federal Rule of Civil Procedure 8(a)(1) requires that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction . . . ." "A pleading that fails to contain the basis for subject-matter jurisdiction fails to state a claim for relief under Rule 8 and, consequently, cannot proceed under 28 U.S.C.

§ 1915(e)(2)(B)(ii)." *Hill v. Pfizer Corp.*, Civil No. 09-894-GPM, 2010 WL 624283, at *2 (S.D. Ill. Feb. 18, 2010).

Everett brings his claims pursuant to the "Unruh Civil Rights Act, Unlawful discrimination law, California Civil Code section 51, section I Rule: 51.045" (Doc. 1, p. 2). To the extent Everett is pursing claims under California law, federal jurisdiction might lie under 28 U.S.C. § 1332 (pursuant to complete diversity of the parties and an amount in controversy exceeding $75,000, exclusive of interest and costs), but the Court cannot determine the citizenship of the parties based on the record. The statutes cited by Everett do not invoke this Court's subject matter jurisdiction based on a federal question. Moreover, notwithstanding Everett's *pro se* status, he must conform to this Court's procedural rules. Everett has failed to comply with Rule 8 of the Federal Rules of Civil Procedure because Everett has not alleged a proper basis for this Court's exercise of subject matter jurisdiction.

Additionally, Everett's Complaint consists of a series of difficult to understand allegations. The best the Court can glean from the disjointed and incoherent allegations within the Complaint is that Defendants allegedly refused to allow landlords to rent to Everett for a year because of sex, color, and religion (Doc. 1, p. 13). Everett also alleges that Defendants hospitalized Everett because Everett was found at someone else's house using someone else's phone (Doc. 1, p. 2).

To the extent that Everett could bring an unlawful discrimination claim for violation of the Fair Housing Act, 42 U.S.C. § 3604 or the Civil Rights Act, 42 U.S.C § 1982, the Court cannot discern the factual basis for these allegations. Defendants are

never mentioned individually, so it is unclear how they even relate to Everett's claims. Although *pro se* complaints should be liberally construed, courts are not required to sustain a complaint that is "sprawling, confusing, and redundant" and which provides no adequate basis to discern the nature of the *pro se* plaintiff's claims. *Fidelity Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 749 (7th Cir. 2005) (a district court has the authority to dismiss a complaint that is "sprawling, confusing, redundant–in short a mess."); *see Stanard v. Nygren*, 658 F.3d 792, 798-99 (7th Cir. 2011) ("[t]hough length alone is generally insufficient to justify rejecting a complaint, unintelligibility is certainly a legitimate reason for doing so.").

As such, Everett's Complaint fails to state a claim for relief. Pursuant to 28 U.S.C. § 1653, the Court **ORDERS** that Everett shall have up to and including **November 16, 2016**, to file an Amended Complaint, on a *pro se* litigant form, that explains the facts giving rise to the violations alleged in the Complaint, as well as each Defendant's involvement in those alleged violations, and the basis for this Court's jurisdiction. Everett may look to the Pro Se Litigant guide for guidance as to how to proceed. The Court **RESERVES RULING** on Everett's pending Motion for Leave to Proceed *in forma pauperis* (Doc. 4), as well as the Motion for Recruitment of Counsel (Doc. 2) and Motion for Service of Process at Government Expense (Doc. 3). If Everett is unable to adequately explain the facts on which his claims are based or if he otherwise fails to comply with this Order, the Court may dismiss this action for failure to state a claim and/or failure to prosecute. The Clerk's Office is **DIRECTED** to send Everett the *pro se* litigant form entitled "Complaint for a Civil Case (For Use By Non-Prisoners)" and the Pro Se Litigant

Guide, along with a copy of this Order.

**IT IS SO ORDERED.**

**DATED:   October 18, 2016**

**s/ Nancy J. Rosenstengel_____**
**NANCY J. ROSENSTENGEL**
**United States District Judge**
